Gaston, Judge.
 

 We are of opinion that the nonsuit in this case was properly directed. The gravamen of the plaintiffs action, is that the defendant, collector of the customs for the port of Edenton, in issuing a coasting
 
 license
 
 to the plaintiff for his vessel the
 
 Martha Jane,
 
 had made an erroneous description, by reason whereof she had been seized by the officers of the customs at Key West, and the plaintiff thereby damnified. In support of the allegation that the defendant had committed this error, the first testimony offered by the plaintiff was a copy of the certificate of
 
 enrolment
 
 granted at the same time with the license. This enrolment purports to be made in lieu of an enrolment formerly made at Elizabeth City, the certificate whereof is surrendered, because of a change of property. The certificate produced states that in the certificate surrendered, the vessel is described as a square sterned
 
 Sloop,
 
 with one deck, and two masts, that
 
 Richard Felton,
 
 the present owner agrees to that description as correct, and that the said
 
 Sloop
 
 is now enrolled at the Port of Edenton. The error is that she had
 
 one
 
 mast, and not
 
 two
 
 masts. The plaintiff did not offer in evidence the license, nor any copy of the license, which he averred to contain this erroneous des-
 
 *408
 
 ivription, nor the surrendered certificate of enrolment, nor a copy thereof from which it might appear whether the same had, or had not been faithfully recited in the new certificate of enrolment.
 

 Had the case stopped here, the'propricty of the non-suit could scarcely have been disputed. The plaintiff complains of a mistake committed by the defendant in ina-king out the
 
 license,
 
 but does not shew til at license, nor a copy of it, nor account for the non-production of a copy. Withholding this testimony, he calls upon the jury to presume, that because there was a mistake in-the certificate of enrolment,
 
 therefore
 
 there was the same mistake in the license issued at the .same time. ■ Whether this inference could be made if the.license itself and all traces of it had been lost, it is unnecessary to enquire, but it was inadmissible in this case, because well-founded
 
 proof
 
 to establish it directly was attainable by tlie plaintiff. Then to shew that this supposed mistake was committed
 
 by the
 
 defendant, he relies upon his certificate, reciting a former certificate issued by an officer of the customs at another port, in which recited certificate the error appears, anil setting forth that the plaintiff agrees to the description as therein recited. This
 
 per se
 
 not only furnishes no evidence of a mistake made
 
 by the defendant,
 
 but repels such an inference. It must be taken as true until the contrary appears.
 

 The only other testimony offered as to a mistake by the defendant in making out the license, was a letter of the defendant to the officer of the customs at Key-West, on hearing from the Captain of
 
 the Martha Jane
 
 that slie liad been detained, because of some alleged irregularity in her papers. He expresses his surprise at this information, and his inability to conjecture what the irregularity can be. He adds, that possibly she may be called on’those papers a
 
 Schooner,
 
 and not a
 
 Sloop,
 
 and that if this be the case then'the mistake was bis. How she is called in the
 
 license,
 
 the plaintiff does not shew, but in •the certificate of enrolment she is termed a
 
 Sloop,
 
 and not a
 
 Schooner.
 
 There is then no evidence that the case which the defendant supposed possible had occurred.
 

 
 *409
 
 Qf the weight' of evidence, the jury have the exclusive cognizance. But there must he evidence for them to
 
 weigh,
 
 and whether any competent evidence has been offend 0f a disputed fact, it is within the particular province of the Court to determine. We concur with the judge who presided at the trial, in the opinion that none such was produced, to establish the essential averment that the mistake complained of in-the license , was made 'by the defendant.
 

 .Per'Curiam.-' — Judgmbst apexrmed.